WR-81,972-04

81,972-04

W03-25657-T (A)

| | | |
|---|---|---|
| Ex Parte | § | In The Court Of |
| Bobby Drew Autry | § | Criminal Appeals |
| Applicant/Petetioner | § | Travis County, Texas |

## Request To Add Following Motion W03-25713-U(A) To Record On Above Appeal No. Citing - Actual Innocence!

### To The Honorable Judge Of Said Court.

Comes Now, Bobby Drew Autry, Ex Parte, Pro Se, And Request Enclosed Motion To Be Added To The Habeas Record Of Above Numbered Writ, As All Law Quoated Affects W03-25657-T(A) As Much As It Does W03-25713-U(A). All Causes Heard In Same Hearing In Criminal District Court #3 On April 13, 2004. RN# 9013442250, Vol. 456, Pages 125 and 126 Plus Any Other Pages Under These Cause NO.S.

Respectfully Submitted:

Bobby Autry #1701196
McConnell Unit
3001 S. Emily Dr.
Beeville, Tx. 78102

2/20/2015

RECEIVED IN
COURT OF CRIMINAL APPEALS

FEB 26 2015

Abel Acosta, Clerk

Cause No. W03-25713-U(A)

| | | |
|---|---|---|
| Ex Parte | § | In T̶ 2rd Criminal |
| Bobby Drew Autry | § | Dis Michael |
| Movant | § | Dall Falkenberg |

## Motion To Proceed Ex Parte And Withdrawl Plea On Above Cause No.

To The Honorable Judge Of Said Court.

Comes now, Bobby Drew Autry, Ex Parte, Pro Se, And Would Show This Honorable Court Good Cause And Reason To Grant Above Said Action.

## I

Jurisdiction For The Plea Hearing In This Case Originates From Criminal District Court No. 3. Therefore, This Honorable Court Has Jurisdiction over The Subject Matter Of This Instant Motion.

## II

Movant Would Show That His Lawyer Was Not Provided For The Antiterroism Effective Death Penalty Act. This Is Cause To Overcome The AEDPA. Martinez v. Ryan, 132 S. Ct. 1309 (2012).

Pg. 1

There Is No Evidence To Support Any Type Of Terristic Type Of Act Or Acts By The Movant.

The Record Is Devoid Of Any Testimony Or Victim Statements, Witness Statements, Or Any Other Type Of Evidence To Support Terroristic Activity.

## III

In Any Post Conviction Collateral Attack, The Burden Of Proof Is On The Defendant To Allege And Prove Sufficient Facts, Which If True, Would Entitle Him To Relief.    See;
Ex Parte Maldonado, 688 S.W. 2d 114, 116 (Tex. Crim. App. 1985).

A Defendant Must Plead And Prove Facts Which Entitle Him To Relief And He Must Prove His Claim By A Preponderance Of The Evidence.    See;
Ex Parte Rains, 555 S.W. 2d 478 (Tex. Crim. App. 1976).
Also, Ex Parte Adams, 768 S.W. 2d 281, 287-88 (Tex. Crim. App. 1989).

A Defendant Must Show, Or At Least Allege, The Detailed Facts Which Give Rise To, And Compel Each Legal Conclusion That Entitles Him To Relief. See;
Ex Parte Hogan, 556 S.W. 2d 352 (Tex. Crim. App. 1977).

## IV

Movant Asserts That Court Records Accurately Show The Allegations And Errors Set Forth In This Motion. RN # 9013442250, And Court Record No.s Vol. 456, Page 125 and 126 Cover Cause No.s, F03-25657-T, F03-25713-U, And F03-25714-U. Now, W03-25657-T(A), W03-25713-U(A), and W03-25714-U(A).

On April 13, 2004, Plea Hearing Was Held, And The Movant Was Persuaded To Plead Guilty And Waive Jury Trial. Court Appointed Counsel Was Gary D. Unell.

Counsel Merely Entered A Pro Forma Appearance. A Pro Forma Appearance Of Counsel Does Not Amount To "Assistance Of Counsel" Or "Due Process Of Law". Counsel Advised Defendant Poorly. See; Ex Parte Harris, 596 S.W. 2d 893 (Tex. Crim. App. 1980).

## V

Involuntary Plea Due To The Ineffective Assistance Of Counsel. Counsel Failed To Object: To Successfully Assert That Trial Counsel's Failure To Object Amounted To Ineffective Assistance, A Defendant Must Show That The Trial Judge Would Have Committed Error In Overruling Such An Objection. See;

pg. 3

Ex Parte White, 160 S.W. 3d 46 (Tex. Crim. App. 2004).
Ex Parte Zapata, 235 S.W. 3d 794 (Tex. Crim. App. 2007).
Vaughn v. State, 931 S.W. 2d 564 (Tex. Crim. App. 1996).

## VI

Federal Due Process Is Violated When An Innocent Person Is Incarcerated, And The Court Has Held That This Applies Whether The Defendant Has Pled Guilty Or Not Guilty. See;

Ex Parte Tuley, 109 S.W. 3d 388 (Tex. Crim. App. 2002).

The Court Extended The Availability Of Actual Innocence Claims To Guilty Plea Situations. This Opinion Expanded The Courts Actual Innocence Jurisprudence As Set Out In;

Ex Parte Elizondo, 947 S.W. 2d 202 (Tex. Crim. App. 1996).

In Cases Involving A Recantation By A Complainant Or A Witness, Counsel Should Request A Live Hearing Because Credibility Is Always A Key Issue. The Importance Of A Trial Courts Finding On Credibility Is Amply Demonstrated By The Courts Brief Opinion Granting Relief In;

Ex Parte Harmon, 116 S.W. 3d 778 (Tex. Crim. App. 2002).

In Harmon, The Defendant Alleged That He Was Actually Innocent, As Demonstrated By The Complainant's Affidavit In Which She Stated That Her Trial Testimony Was False. In This Case, Recantations Demonstrate Actual Innocence.

Pg. 4

In An Interesting Case Regarding A Recantation By The Complainant's, The Court Granted Relief On Basis Of An Involuntary Plea, In;

Ex Parte Zapata, 235 S.W. 3d 794 (Tex. Crim. App. 2007).

The Court Granted Relief In A Situation where The Defendant Was Not Aware, At The Time He Entered His Plea, That The Complainant's Had Recanted Their Accusations And Would Not Have Testified Against Him At Trial.

The Defendant Had Learned Of The Recantations After The Entry Of His Plea But Before Sentencing. [Same As In This Case - FD3-25713-U]

Violations Of Due Process - In;

Ex Parte Carmona, 185 S.W. 3d 492 (Tex. Crim. App. 2006).

The Defendant Was Adjudicated Guilty Of Sexual Assault Based Entirely Upon Perjured Testimony.

He Filed A Petition For Habeas Relief, Claiming His Release To Deferred Adjudication Was Revoked Without Due Process Of Law.

The Witnesses Against The Defendant Either Re-Canted Their Testimony, Or Their Bias And Lies Had Been Exposed. [Same As In This Case - FD3-25713-U.]

<u>VII</u>

In Texas, A Criminal Defendant Is Entitled To Reasonably Effective Assistance Of Counsel. See;

pg. 5

Ex Parte Duffy, 607 S.W. 2d 507 (Tex. Crim. App. 1980).

In Determining Whether A Defendant Has Received Ineffective Assistance Of Counsel, Courts shall Use The Standard Set Forth In;

Strickland v. Washington, 466 U.S. 668 (1984).

The Court Of Criminal Appeals Adopted The Strickland Standard In;

Hernandez v. State, 726 S.W. 2d 53 (Tex. Crim. App. 1986).

The Movant Contends That He Was Denied The Effective Assistance Of Counsel Due To His Attorney Persuading Him To Waive His Right To Jury Trial, (And In This Case, To Plead Guilty) See;

Ex Parte Dunham, 650 S.W. 2d 825 (Tex. Crim. App. 1983).

A Court Cannot Accept A Guilty Plea From An Individual That Is Mentally Incompetent; Failure To Investigate Competency Is Prejudicial If There Is A Reasonable Probability That The Defendant Exhibits "Severe Mental Problems". See; McLuckie v. Abbott, 337 F. 3d 1193, 1199 (10th Cir. 2003). Bouchillon v. Collins, 907 F.2d 589, 592 (5th Cir. 1990).

Also To Investigate Mental State And The Possibility Of A Mental Defense - McLuckie.

Counsel Failed To Seek Competency Determination For Defendant Who Was "Heavily Medicated" And Where Three Experts Had Diagnosed Him As Suffering From Psychiatric Disorders. See;
Burt v. Uchtman, 422 F. 3d 557 (7Th Cir. 2005).
See Also; United States v. Howard, 381 F. 3d 873 (9Th Cir. 2004).

In Howard The Court Remanded For Hearing To Resolve Whether Counsel Was Ineffective For Allowing Defendant, who was Under The Influence Of Powerful Narcotics, To Plead Guilty.

In This Instant Case Movant was Under The Influence Of Powerful Psychotropic Medications Prescribed By The Parkland Jail Health System.

Movant Has Been Diagnosed With Psychiatric Disorders Since Age 11, (1973), And Has Been On And Off Psychotropic Medications For Many Many Years. See; Parkland Jail Health Records. (2003 To 2004. = Jan. 2003 Thru May 2004).

## VIII

Counsel "Made No Attempt Whatsoever" to Communicate With Complainant, who Recanted, That Would Have Testified That Defendant Did Not Commit The Crime. See;
Towns v. Smith, 395 F. 3d 251, 259 (6Th Cir. 2005).

Counsel Must Ordinarily "Investigate

pg. 7

Possible Methods For Impeaching Prosecution Witnesses". See;

Hoots v. Allsbrook, 785 F.2d 1214, 1221 (4Th Cir. 1986).

Trial Counsel Failed To Conduct Any Investigation At All Into Movants Psychiatric History And Therefore Neglected To Pursue A Potentially Successful Defense. See;

Seidel v. Merkle, 146 F.3d 750, 755 (9Th Cir. 1998).

Counsel Made No Tactical Decision Not To Investigate [The Movant's] possible Mental Impairment; He Simply Failed To Do So. See;

Deutscher v. Whitley, 884 F.2d 1152, 1159-60 (9Th Cir. 1989).

Deficient Performance was Noted where Attorney Failed To Object To Admission Of Confession By Non-Testifying Defendant. See;

Suggs v. United States, 513 F.3d 675 (7Th Cir. 2008).

An Exception To The Preservation Of Error Requirement Is A Constitutional Claim Of Ineffective Assistance Of Counsel Where Proper Investigation Or Objection Would Have Preserved The Error And There Is No Proper Reason Why Counsel Did Not Act. See;

Ex Parte Harrington, 310 S.W.3d 452, 459 (Tex. Crim. App. 2010).

Pg. 8

## IX

Counsel's Failure To Move For Withdrawl Of Plea, At The Time The State Stated They Had No Evidence, (Court Record No's. Vol. 456, Page 125 And 126, On April 13, 2004,) Erin Price Stated, "None Your Honor", "The witnesses Recanted And Maintain That They Wrote No Statements Against The Defendant.   Should Constitute Malicious Prosecution. See;

Evans v. Ball, 168 F. 3d 856 (5th Cir. 1999). See Also;
United States v. Alvarez-Tautimez, 160 F. 3d 573 (9th Cir. 1998), Also Counsel's Ineffectiveness, = Alvarez.

Counsel's Failure To Challenge The Sufficiency Of The Evidence In The Trial Court And On Appeal Was Ineffective Assistance Where State's Case Was Largely Circumstantial. See;
Holsclaw v. Smith, 822 F. 2d 1041 (11th Cir. 1987).

In This Case, In One Hearing, With Three Cause Numbers Listed Above, There Was No Evidence Other Than A Judicial Confession Movant Has No Knowledge Of. The State Did Not Say "We Have A Judicial Confession", The State, By And Through Erin Price, Stated = None Your Honor.

Attorney's Failure To Move For Suppression Of Confession That Were Primary Evidence Against Defendant, Stated Claim Of Ineffective Assistance. See;

Smith v. Wainwright, 777 F. 2d 609 (11Th Cir. 1985).

## X

To Demonstrate That A Judgement Is Void, " The Record Must Leave No Question About The Existence Of The Fundamental Defect." See;

Nix v. State, 65 S.W. 3d 664, 668 (Tex. Crim. App. 2001).

Which Stated As Follows;

A Judgement Of Conviction For A Crime Is Void When;

(1) The Document Purporting To Be A Charging Instrument (i.e. Indictment, Information, Or Complain) Does Not Satisfy The Constitutional Requisites Of A Charging Instrument, Thus The Trial Court Has No Jurisdiction Over The Defendant,

(2) The Trial Court Lacks Subject Matter Jurisdiction Over The Offense Charged,

*(3) The Record Clearly Reflects There I's No Evidence To Support The Conviction,

(4) An Indigent Defendant Is Required To Face Criminal Trial Proceedings Without Appointed

pg. 10

Counsel When Such Has Not Been Waived, In Violation Of <u>Gideon v. Wainwright.</u>

While We Hesitate To Call This An Exclusive List, It Is Very Nearly So, Id. At 668

The Court Of Criminal Appeals Has Held That If The Original Judgement Imposing Probation Was Void Then The Trial Court Would Have No Authority To Revoke Probation Since, With No Judgement Imposing Probation, Because It Is A Nullity, There Is Nothing To Revoke. <u>Nix v. State</u>, 65 S.W. 3d 664 (2001).

## XI

Movant Asserts That The Record Clearly Reflects The State Stated On The Record, That They Had No Evidence.

Movant Further Asserts That Parkland Jail Health Records At Time Of Plea Will Reflect His Psychiatric Disorders And Use Of Psychotropic Medications.

Movant Moves This Honorable Court To Grant This Motion And Or To Investigate The Allegations In de novo Review To Clear The Record Of Errors.

## Other Case Law Involved

Ex Parte Calderon, S.W. 3d, 2010 WL 1687797 (Tex. Crim. App. 2010).

The State Did Violate Brady.

Ex Parte Brown, 205 S.W. 3d 538, 545 (Tex. Crim. App. 2006).

Ex Parte Imoudu, 284 S.W. 3d 866 (Tex. Crim. App. 2009).

Prosecutorial Misconduct - Where The Recanted Statements Were Exculpatory Evidence, Given After Plea And No Objection =

Brady v. Maryland, 373 U.S. 83 (1963)

Ex Parte Adams, 768 S.W. 2d 281 (Tex. Crim. App. 1989).

## XII

States Judicial Confession Had No Notary Where There Was A Section For Such.

This Should Void The Judicial Confession, And That It Was Not Placed On The Record While Movant Was Present In The Court Room.

And The Fact That It Was Filed 2-5-2003 And Not Signed Until 4-13-04 when Movant Was Under The Influence Of Psychotropic Medications. This Clearly Shows Prejudice And Bias.

## Prayer

Wherefore, Premises Considered, movant Prays The Honorable "Criminal District Court #3" Grant Above Motion In Part Or In Its Entireity. And Or At least Investigate Stated Allegations In de novo Review Of This Case.

And In So Finding Allegations True To Set A Hearing To Correct All Errors And Bring The Possibility Of Innocence Where It Truely Belongs, To The Forefront Of This Case.

Respectfully
Submitted!

Bobby Drew Autry
TDCJ# 1701196
McConnell Unit
3001 S. Emily Dr
Beeville, Tx 78102

W03-25713-U (A)

| | | |
|---|---|---|
| Ex Parte | § | In The 3rd Criminal |
| Bobby Drew Autry | § | District Court |
| Movant | § | Dallas County, Texas |

## Order On Motion To Withdrawl Plea

Having Considered The Movant's Motion To Withdrawl Plea, It Is Of The Opinion Of This Court That The Motion Should Be:

( ) Granted: With Written Order To Movant At The Address Below.

( ) Denied: With Written Order To Movant At The Address Below.

_____
Presiding Judge

_____
Date Signed

Bobby Autry #1701196
McConnell Unit
3001 S. Emily Dr.
Beeville, Tx. 78102

cc:/File, Jackie Creel.

## Inmates Declaration

I, Bobby Drew Autry, Am The Movant In The Above Motion And Being Presently Incarcerated In T.D.C.J. At The McConnell Unit In Beeville, Texas, Declare Under Penalty Of Perjury That The Above Allegations In This Motion Are True And Correct To The Best of My Knowledge.

Feb. 16, 2015

Bobby A

## Certificate Of Service

I, Bobby Drew Autry, Movant, Hereby Certify That A True And Correct Copy Of The Above Motion Was Served On: The District Clerk Of The Criminal District Court #3, AT-133 N. Riverfront Blvd. Dallas, Texas 75207.

Feb. 16, 2015

Bobby A

Bobby Drew Autry
TDCJ# 1701196
McConnell Unit
3001 S. Emily Dr.
Beeville, Tx. 78102